UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

                                  No. 12-20274

v.                                  District Judge Paul D. Borman

                                  Magistrate Judge R. Steven Whalen

THOMAS FIELDS,

        Defendant.

_____ /

**REPORT AND RECOMMENDATION**

    Before the Court is Defendant Thomas Fields' Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Doc. #20], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

                                  **I.    FACTS**

    On June 26, 2012, Defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment charged that he had been convicted of three previous convictions for second-degree home invasion, third-degree home invasion, and assault to commit great bodily harm less than murder, subjecting him to enhanced penalties (a 15-year mandatory minimum) as an armed career criminal,

pursuant to 18 U.S.C. § 924(e). The Rule 11 plea agreement provided that the sentencing guideline range was 188 to 235 months, and that the government would not ask for a sentence greater than the mandatory minimum. *Plea Transcript* [Doc. #24], at 9-10.

At sentencing on September 10, 2012, the Defendant and his attorney both stated that they had no additions or corrections to the presentence report, other than proffering information about the Defendant's long-standing spinal nerve damage. *Id*. at 3. The Defendant also objected to a statement in the government's sentencing memorandum to the effect that he had been convicted of felony domestic violence that involved a knife. He stated that the conviction was for a misdemeanor, not a felony, and that "the knife issue was resolved. There was never a knife present." *Id*. at 4. The judge stated that he would not consider that statement in the government's memorandum. *Id*. at 5. Defendant's counsel asked for a sentence of 15 years, as set forth in the Rule 11 agreement. The Defendant received a sentence of 15 years, at the low end of the guidelines as set forth in the Rule 11 and the presentence report. *Id*. at 5-8.

In the present motion, Defendant argues that his two prior home invasion convictions do not qualify as predicate offenses that would trigger § 924(e), and that his attorney was constitutionally ineffective for not challenging the use of those convictions to enhance his sentence.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court ... may move the court which imposed the sentence to vacate, set aside, or correct

the sentence." Under this statute, there are three bases upon which relief can be sought: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001); *United States v. Addonizio,* 442 U.S. 78, 185–86 (1979). Congress and the Supreme Court have set the bar high for § 2255 petitioners. *See United States v. Frady,* 456 U.S. 152, 166 (1982) ("[T]o obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal").

Typically, claims not raised on direct appeal are procedurally defaulted, and a defendant must show cause for the default and prejudice from the error in order to obtain relief in a § 2255 motion.*Regalado v. United States,* 334 F.3d 520, 527–528 (6th Cir.2003), *citing United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). However, claims of ineffective assistance of counsel at sentencing are "best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so parties can develop an adequate record on this issue." *United States v. McAllister,* 693 F.3d 572, 586 (6th Cir.2012) (internal quotation marks omitted); *see alsoMassaro v. United States,* 538 U.S. 500, 504, (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

### III.     DISCUSSION

### A.  Armed Career Criminal Act

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), provides for enhanced penalties in felon in possession cases if a defendant has "three previous convictions…for a violent felony[.]" The term "violent felony" is statutorily defined as "any crime punishable by imprisonment for a term exceeding one year…that…is burglary…or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924e(2)(B).  In *Taylor v. United States*, 495 U.S. 575, 599 (1990), the Supreme Court defined "burglary" as follows, for purposes of the ACCA:

> "We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime"

M.C.L. § 750.110a(3) defines second-degree home invasion as follows:

(3) A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree.

M.C.L. § 750.110a(4) defines third-degree home invasion as follows:

(4) A person is guilty of home invasion in the third degree if the person does either of the following:

(a) Breaks and enters a dwelling with intent to commit a misdemeanor in the dwelling, enters a dwelling without permission with intent to commit a

misdemeanor in the dwelling, or breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a misdemeanor.

(b) Breaks and enters a dwelling or enters a dwelling without permission and, at any time while the person is entering, present in, or exiting the dwelling, violates any of the following ordered to protect a named person or persons:

(i) A probation term or condition.

(ii) A parole term or condition.

(iii) A personal protection order term or condition.

(iv) A bond or bail condition or any condition of pretrial release.

In *United States v. Gibbs*, 626 F.3d 344, 353 (6th Cir. 2010), the Sixth Circuit held that "a conviction for second-degree home invasion under Michigan law is the equivalent of the enumerated offense of burglary of a dwelling and therefore constitutes a 'crime of violence.'"

In *United States v. Horton*, 163 Fed.App'x 378 (6th Cir. 2006), the defendant argued (as does the present Defendant) that third-degree home invasion under Michigan law did not necessarily constitute a burglary or a crime of violence because its statutory definition was broader than the definition of "burglary" found in *Taylor*. Rejecting this argument, the Court held:

> "This argument is belied by the text of the statute itself. Part (a) specifically requires the intent to commit a misdemeanor or the actual commission of a misdemeanor within the dwelling, which is a "crime" sufficient to make the burglary a 'crime of violence.' See Taylor, 495 U.S. at 598, 110 S.Ct. 2143. Part (b) of the Michigan statute does not require that a misdemeanor be committed or intended, but requires that during the commission of the home invasion, the

>offender violate an order intended for the protection of a named individual. As the Taylor Court explained, '[t]he fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.' Id. at 588, 110 S.Ct. 2143. This is as true in the M.C.L. § 750.110a(4)(b) context as it is in any *382 other context. No section of this statute, therefore, proscribes conduct that could not be considered a 'crime of violence.'" *Id*. at 381-82.

*Horton* also held that regardless of whether or not third-degree home invasion is considered a burglary, it is a "crime of violence" presenting a "serious potential risk of physical injury," such that it falls within the purview of the ACCA:

>"Moreover, third-degree home invasion is a crime of violence even if it cannot be pigeonholed neatly into the definition of burglary. The sentencing guidelines provide that a crime of violence includes an unenumerated offense that, 'by its nature, present[s] a serious potential risk of physical injury to another.' U.S.S.G. § 4B1.2 cmt. n. 1; see also U.S.S.G. § 4B1.2(a)(1). All of the conduct in M.C.L. § 750.110a(4)(b) presents as serious a potential risk of physical injury as any burglary crime. The district court therefore did not err, plainly or otherwise, in finding that third-degree home invasion is a crime of violence for sentence enhancement purposes. *Id*.

Thus, both Defendant's second-degree and third-degree home invasion convictions were properly used to enhance his sentence under the ACCA.

Defendant's reliance on *Descamps v. United States*, 133 S.C. 2276 (2013), is misplaced. In *Descamps*, the Court was faced with a California statute that was broader than the generic crime of burglary. As it is commonly understood, the generic crime entails "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. A broader statute, such as California's, might define the offense to include both the generic elements of burglary or elements that would not fit within the generic offense, for example, entry into an

automobile as opposed to a building. *Descamps* referred these as "divisible statutes," in which case the court could apply a "modified categorical approach" that would allow examination of the underlying facts of the particular offense of which the defendant was convicted. In cases of *indivisible* statutes, that is, statutes that contain elements that are no broader than the generic offense, the categorical approach described in *Taylor* would apply.

As discussed above, the Sixth Circuit has unequivocally held that both second- and third-degree home invasions are categorically crimes of violence under the ACCA. *Gibb, supra; Horton, supra*. These Michigan statutes are not divisible, and convictions under these statutes are not subject to a modified categorical analysis. *Id*. *Descamps* is of no help to this Defendant.

### B. Alleyne v. United States

Defendant argues that under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the government was required to prove his prior convictions beyond a reasonable doubt. *Alleyne*, the latest in a line of cases flowing from *Apprendi v. New Jersey*, 530 U.S. 466 (2000), held that any factor that increases a mandatory minimum sentence is not a mere sentencing factor, but is functionally an "element" of the offense that must be submitted to the trial of fact to decide whether it has been proven beyond a reasonable doubt. Importantly, however, *Alleyne* expressly declined to consider or overrule *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that prior convictions are indeed sentencing factors, and hence subject to the preponderance of the evidence

standard. *Alleyne*, 133 S.Ct. at 2160, fn. 1. *See also United States v. Mack*, 729 F.3d 594, 609 (C.A.6, 2013)("Although *Almendarez–Torres* may stand on shifting sands, the case presently remains good law and we must follow it until the Supreme Court expressly overrules it"); *United States v. Anderson,* 695 F.3d 390, 398 (6th Cir. 2012)(*Almendarez-Torres* still good law); *United States v. Cooper*, 2014 WL 43393 (6th Cir. 1-7-14)(same).

It was therefore not required that Defendant's prior convictions be charged and proven beyond a reasonable doubt, and they were properly considered as sentencing factors for purpose of the ACCA.[1]

### C.   Ineffective Assistance of Counsel

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 104 (1984). *Strickland* sets forth a two-part test for assessing claims of ineffective assistance. First, did the attorney make errors "so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment," 466 U.S. at 687. To establish deficient performance under this prong of *Strickland,* the defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Id.,* at 688.  ). The second prong of Strickland examines whether the defendant was prejudiced by counsel's deficient performance. To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[1] Because *Alleyne* is not applicable to prior convictions, it is not necessary to consider the government's argument that *Alleyne* does not apply retroactively to cases on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Defendant claims that his lawyer was ineffective for not challenging the applicability of his prior home invasion convictions as for purposes of the ACCA. However, as discussed above, those convictions were properly considered as predicate offenses. Counsel's conduct did not fall below a standard of objective reasonableness. To the contrary, counsel successfully negotiated the lowest sentence possible, given the mandatory minimum. Defendant' claim of ineffective assistance is without merit.

### IV. CONCLUSION

For these reasons, I recommend that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Doc. #20] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370,

1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 7, 2014                 R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 10, 2014, electronically and/or by U.S. mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable R. Steven Whalen