UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

      Plaintiff,

v.                                   Case No. 12-cr-20274
                                        District Judge Paul D. Borman

THOMAS FIELDS,

      Defendant.
_____/

**ORDER GRANTING DEFENDANT THOMAS FIELDS' MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (ECF NO. 43), REDUCING THE SENTENCE TO TIME SERVED AND IMPOSING SUPERVISED RELEASE FOR THE REMAINDER OF THE UNSERVED PORTION OF HIS ORIGINAL SENTENCE OF IMPRISONMENT WITH THE SPECIAL CONDITION OF HOME CONFINEMENT, AND THEREAFTER REIMPOSING THE THREE-YEAR TERM OF SUPERVISED RELEASE IMPOSED IN HIS ORIGINAL SENTENCE**

On October 28, 2020 Defendant filed a Motion for Compassionate Release/Reduction of Sentence. (ECF No. 43.) On November 10, 2020 the Government filed a Response in Opposition. (ECF No. 44.) On November 13, 2020, Defendant filed a Reply. (ECF No. 45.) On December 2, 2020, the Government filed a Notice of Supplemental Authority: *United States v. Jones*, __ F.3d __, #20-3701, 2020 WL 6817488, *6 (6th Cir. November 20, 2020). (ECF No. 47.) On December 2, 2020, Defendant filed a Response to the Government's Notice of Supplemental Authority. (ECF No. 49.)

1

Defendant was sentenced in 2012 to 180 months (15 years) incarceration after his plea of guilty to the charge of felon in possession of a firearm, 18 U.S.C. § 922(g). Because he had three prior convictions for a violent felony or serious drug charge, he was designated as an armed career criminal and subject to an enhanced mandatory minimum 15-year sentence under 18 U.S.C. § 924(e).

The instant offense involved violent criminal behavior--shooting at a store clerk who confronted Defendant stealing a bag of peanuts (fortunately the gun jammed). Defendant is incarcerated at FCI-Jesup (Georgia). He has served over 60% of his sentence (nine years and two months). His projected release date is June 10, 2024--in about three years and six months.

Defendant Fields is a 50-year-old white male who alleges he suffers from hypertension, Type II Diabetes (insulin-dependent), and being overweight. He alleges that the COVID-19 pandemic circumstances at FCI-Jesup, and his medical issues, create extraordinary and compelling reasons for his compassionate release. The November 27, 2020 COVID-19 statistics for FCI-Jesup indicate 68 inmate positives and 19 staff positives; 340 inmates recovered; three staff recovered. There are over 1,300 inmates at FCI-Jesup. (Per Bureau of Prisons (BOP) Supervisor, St. Louis, MO, Tracy Knutson.)

Defendant Fields previously tested positive for COVID-19 on July 19, 2020. (ECF No. 43-3, PageID 229.) On July 30, 2020, after being asymptomatic for more

2

than 10 days, he was removed from isolation protocol, and listed as COVID recovered, 7/30/2020. (ECF No. 43-7, PageID 264.)

Defendant has complied with 18 U.S.C. § 3582(c)(1)(A)(i) with regard to BOP notice/exhaustion requirements, and his case is properly before this Court.

Defendant contends that his medical conditions, and the COVID-19 pandemic outbreak at FCI-Jesup create a significant continuing risk to his health, in particular at his unit, which has only eight showers, six telephones, and six computers for 132 men.

Defendant contends that he is "not the same man who entered prison," and points out that he has taken many classes that evidence his significant commitment to rehabilitation, including getting his GED. (ECF No. 32, PageID 2.) Significantly, Defendant has no disciplinary infractions during his nine-plus years in prison, and is currently employed as a unit orderly. (ECF No. 43-7, PageID 264.)

Defendant has provided a thorough Recovery Plan: he will reside with his father and step-mother in Port Richey, Florida, and participate in Alcoholics Anonymous, and work with his father making handicrafts. (ECF No. 43-1, Exhibit 7.)

The Government Response in Opposition points out, with regard to the violent offense of conviction, that it was through no "fault" of the Defendant, that his pistol misfired, and his conduct did not result in the murder of an innocent gas

3

station cashier. (ECF No. 44, PageID 278.) At his arrest on the instant offense, Defendant stated: "I get drunk and I snap." (*Id*. at PageID 286.)

> The Government further notes that at the time of the instant offense he:
>
>> was on parole for assault with intent to do great bodily harm less than murder, after assaulting someone he accused of "snitching" on him. The victim suffered serious injuries, including collapsed lungs, and bleeding in his brain. Fields had also amassed an extensive criminal history extending back decades, including convictions for multiple violent crimes and a history of violating the terms of his supervision (including with new criminal activity).

(*Id*. at PageID 279.) The Government states that Defendant's violent conduct and history make him a danger to the community, and the 3553(a) factors "likewise do not support release for a repeat violent offender who still has several years of his below-Guideline sentence to serve." (*Id*. at PageID 280.)

The Government recognizes that BOP institutions continue to be faced with the COVID-19 crisis, but notes that the Court of Appeals for the Sixth Circuit recognized in *Wilson v. Williams*, 961 F.3d 829, 33-34 (6th Cir. 2020), that the BOP is working hard and updating its protocols, to deal with COVID-19 to protect inmates and staff.

The Government Response also notes that, although overweight, Defendant Fields' BMI is under 30 (the CDC standard for obesity), and that bronchitis is not recognized by the CDC as a COVID-19 risk factor. *(Id*. at PageID 293, n.1.) The

4

Government contends, in Exhibit A, that the BOP lists Fields' risk of recidivism as medium.

Defendant's Reply emphasizes that "given the time he has served, his record in prison and family support, all these factors weigh in favor of his release." (ECF No. 45, PageID 312). Defendant's Reply notes that his BOP Psychological Services Transfer Intake Screening of 9/20/2019 states that he is calm, alert, and fully oriented and "that no follow-up with Psychological Services was requested and does not appear to be clinically warranted." (*Id*. at PageID 314.)

On November 20, 2020, the United States Court of Appeals for the Sixth Circuit, published an opinion holding that United States Sentencing Guideline 1B1.13 is not applicable when a defendant files a motion for compassionate release in a district court; that it applies only when the BOP files a motion in the district court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *United States v. Michael Jones*, ___ F.3d ___, 2020 WL 6617488, *9, No. 20-3701 (6th Cir. 2020).

The Government contends that the majority opinion in *Jones* is incorrect and that it "preserves for further review its argument that § 1B1.13 remains binding and that Fields has failed to satisfy its requirement." (ECF No. 47, PageID 321.)

The Defendant's Response to United States Notice of Supplemental Authority (ECF No. 49) stated that *United States v. Jones* establishes that the Court should not consider § 1B1.13.

5

Because this Court is bound to follow the Sixth Circuit published opinion in *Jones*, it will not apply Sentencing Guideline 1B1.13 to its discussion of Defendant's Motion for Compassionate Release.

## DISCUSSION

The Government contends that Defendant Fields continues to be a danger to the community. Certainly, his conduct in the instant case, and his criminal history require careful scrutiny by this Court of the § 3553(a) factors as they apply to his request for compassionate release:

(1) The nature and circumstances of the offense are very serious as is his criminal history and his personal characteristics, particularly his alcoholism.

(2) There certainly was a need for the 180-month sentence that was imposed to promote respect for the law and to provide just punishment, given his continuous criminal history, to deter future criminal conduct, and at the time of the sentence and afterward, to protect the public from further crimes by Defendant Fields.

Defendant has been incarcerated for more than nine years. Defendant has an out-date in less than four years--June, 2024. The Court finds that Fields' significant amount of incarceration--over nine years--responds sufficiently to the seriousness of this violent offense of conviction, that it promotes respect for the law, and has provided just incarceration for this offense. The Court further finds that Defendant

has demonstrated respect for the law by incurring no misconducts over his nine-plus years of incarceration, and by his rehabilitative efforts while incarcerated, including his present service as a unit orderly. The Court concludes that Defendant's post-sentencing conduct provides evidence that if granted compassionate release and home confinement, Defendant would not be a danger to the community.

The Supreme Court noted in *Pepper v. United States*, 131 S.Ct. 1229, 1242 (2011) that "evidence of post-sentencing rehabilitation may plainly be relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing," such as § 3553(a)(1) and (a)(2). The Court finds this applicable in this case, even when the defendant had qualified as a career offender at sentencing. *Accord, United States v. Edwards*, No. 17-cr-20716, 2020 U.S. Dist. LEXIS 166969, p. 3, August 17, 2020 (E.D. Mich.) (Lawson, J.).

A 2020 Sixth Circuit opinion, *United States v. Kincaid*, 805 F. App'x 394, 395-396 (6th Cir. 2020), approved of a court's consideration of the percentage of time served in its required discussion of the § 3553(a) factors:

> District courts routinely weigh whether a certain amount of time served is "sufficient, but not greater than necessary" to serve § 3553(a)'s purposes. That's what happens at sentencing. A district court may use that same calculus when deciding whether to grant a motion for compassionate release.

In this case, Defendant has served a significant portion (nine years--60%) of his 15-year sentence. In a recent letter to the Court, Defendant states that, for a second time, COVID-positive cases were diagnosed in his housing unit resulting in a lock-down, isolation, quarantine status. (ECF No. 46, PageID 316-317.) The Court finds that his time-served plus the COVID-19 situation in his unit, and the Defendant's medical condition, including post-COVID-19 bronchitis, provide compelling reasons for compassionate release.

Finally, with regard to protecting the public from further criminality by Defendant while on compassionate release, given the recognition of the contribution of alcohol to Defendant's criminal behavior, the Court is ordering release to a home confinement where there is no alcohol on the premises, and no firearms, GPS tracking for the first year, and in-person urine testing for alcohol/drugs every two weeks. The Court will revoke his home confinement and he will be imprisoned if he tests positive for alcohol or drugs, or is in possession of a firearm.

## CONCLUSION

Accordingly, the Court under these strict conditions, GRANTS Defendant's Motion for Compassionate Release, reducing his sentence to time served, and imposing supervised release for the unserved portion of his original term of

imprisonment, with the special condition of home confinement, to be followed by the three years of the initially-imposed three years of supervised release.

IT IS FURTHER ORDERED that this Order is stayed for up to 14 days to allow the Bureau of Prisons to verify the Defendant's residence and release plan, to make appropriate travel arrangements, and to ensure the Defendant's safe release after the Defendant is quarantined. The Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, quarantine is complete, and it is safe for the Defendant to travel. If more than 14 days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

IT IS FURTHER ORDERED that the Defendant must provide to the probation office in the district where he will be released the complete address and telephone number where he will reside upon release.

SO ORDERED.

DATED:  December 8, 2020          s/Paul D. Borman
                                  PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE